MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
24301 Southland Blvd. Suite 200
Hayward, CA 94545-1541
(510) 266-5580


UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| In re: | Chapter 13 |
| MICHAEL ALAN MILLER | CASE NO. 11-41342 EDJ 13 |
| Debtor, | **TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO MODIFY CHAPTER 13 PLAN** |

_____/


Martha G. Bronitsky, Chapter 13 Standing Trustee ("Trustee"), objects to Debtor's Motion to Modify Chapter 13 Plan for failure to complete within sixty months pursuant to 11 U.S.C. §1329(c).[1]

---

[1] All code references are to Title 11 of the United States Code ("Bankruptcy Code") unless otherwise stated.

1

The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid. 201.

## FACTS

Michael Alan Miller ("Debtor") filed this Chapter 13 case on February 7, 2011. Debtor is represented by Patrick L. Forte.

Debtor's Chapter 13 Plan ("plan") was confirmed on April 5, 2011. The plan proposes payments of $1,300 for sixty months. Subsequent to confirmation, U.S. Bank filed a secured claim for $93,403.36. (Claim #5). With this claim, the plan will not fund in sixty months.

Debtor filed a Motion to Modify Chapter 13 ("modification") on May 10, 2011. (Doc. #15). The modification proposes to reduce payments from $1,300 to $1,050 effective June 2011 and forgive arrears. The reason for the modification is that Debtor's expenses have increased.

Debtor has not filed an objection to U.S. Bank's claim.

## ARGUMENT

### MODIFIED PLAN WILL NOT COMPLETE WITHIN 60 MONTHS OF CONFIRMED AS REQUIRED BY 11 U.S.C. §1329(c)

Section 1329 of the Bankruptcy Code governs plan modifications after confirmation. In relevant part, §1329(c) states –

2

A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325 (b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, *but the court may not approve a period that expires after five years after such time.*

11 U.S.C. §1329 (emphasis added).

Debtor's proposed modification will not fund in sixty months as required by §1329(c). With U.S. Bank's allowed secured claim, the proposed modified plan will run 370 months.

· For the plan to complete in sixty months with the U.S. Bank's claim, payments must be increased to $3,400. Even if Debtor objects to the claim, payments must be $1,200 to fund in sixty months with the priority claims filed by the Internal Revenue Service ("IRS") and Franchise Tax Board ("FTB").

Since Debtor's proposed modified plan will not fund in sixty months, the Motion to Modify Chapter 13 Plan is in violation of §1329(c) and cannot be confirmed.

## CONCLUSION

WHEREFORE, the Trustee respectfully objects to Debtor's Motion to Modify Chapter 13 Plan for failure to complete plan within sixty months pursuant to §1329(c).

RESPECTFULLY SUBMITTED

3

May 31, 2011
DATE

/s/Martha G. Bronitsky 5909
Martha G. Bronitsky, Esq.
Chapter 13 Standing Trustee

/s/Leo G. Spanos        5909
Leo G. Spanos, Esq.
for Martha G. Bronitsky, Esq.
Chapter 13 Standing Trustee

/s/Nima Ghazvini        5909
Nima Ghaznini, Esq.
for Martha G. Bronitsky, Esq.
Chapter 13 Standing Trustee

4